IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00590-CMA-MLC

JAYMEE BARRINGTON,

    Plaintiff,

v.

UNITED AIR LINES, INC.,

    Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR POST-TRIAL REMEDIES

---

This matter is before the Court on Plaintiff Jaymee Barrington's Motion for Post-trial Remedies, wherein Plaintiff seeks the following forms of relief:

1. Institution of a retaliation complaint system at United Airlines to and through the year 2027 in which an independent outside ombudsman (with staff paid for by United Airlines) is assigned to all complaints of retaliation, with full authority to discipline managers found to have retaliated.

2. Imposition of disciplinary action against Kenneth Brown, to include involuntary termination from employment at United Airlines.

3. Removal and striking of Plaintiff's existing 2012 Year-End Rating.

4. Replacement of Plaintiff's 2012 Year-End Rating with a revised rating stating, "Meets or Exceeds Expectations" in all categories.

1

5. Removal and reversal of Kenneth Brown's United Airlines' decision that Plaintiff is ineligible for promotion, and promotion of Plaintiff to the next available temporary manager upgrade position; and

6. Front pay in the sum of $20,000.[1]

Defendant United Airlines objects to these requests, and for the following reasons, the Court denies them.

## I.   STANDARD OF REVIEW

As a preliminary matter, the Court notes that Plaintiff fails to identify *any* procedural or jurisdictional mechanism that supports the relief she seeks. Because she is requesting that this Court alter, and essentially add to, the final judgment on the merits in this case, the Court finds that her motion is governed by Federal Rule of Civil Procedure 59(e).[2] *Phelps v. Hamilton*, 122 F.3d 1309, 1323–24 (10th Cir. 1997) ("[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits.") (internal citations and quotation marks omitted).

---

[1] Plaintiff also requests that the Court strike Defendant's prior cost award (Doc. # 69) and award her reasonable attorney's fees. Defendant concedes that its prior cost award should be stricken (Doc. # 119 at 10, n. 2), and the Court grants the request. The Court defers ruling on Plaintiff's request for attorney's fees—a request for which Plaintiff has filed a separate motion. An order on that motion will issue in due course.

[2] Federal Rule of Civil Procedure 50(b), which governs a request for judgment as a matter of law, could also apply. However, a prerequisite to a Rule 50(b) motion, and one implicit in its nature as a *renewed* motion for judgment as a matter of law, is that the moving party have made a Rule 50(a) motion for judgment as a matter of law during trial. *Marshall v. Columbia Lea Regional Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007). Plaintiff did not move for judgment as a matter of law under Rule 50(a) at trial and is therefore precluded from bringing a Rule 50(b) motion at this time.

"A Rule 59(e) motion to alter or amend the judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)). A Rule 59(e) motion is directed at reconsideration "of matters properly encompassed in a decision on the merits, and not initial consideration." *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451 (1982). The district court has broad discretion when deciding a Rule 59(e) motion, and its ruling will not be disturbed on appeal absent an abuse of discretion. *Id.*

## II. DISCUSSION

None of Plaintiff's contentions warrant altering, or adding to, the judgment in this case. The Court addresses each request in turn.

1. Injunctive Relief - Institution of Complaint System

Plaintiff's Complaint sought the following relief:

> (a) a declaratory judgment declaring that the defendant corporation has violated the above-described statute and committed the above-described wrongs by the aforesaid acts against plaintiff;
>
> (b) promotions and professional advancement within the defendant corporation as have been denied to plaintiff, with all attendant benefits and other amenities that she would have received were these illegal actions not taken against her;
>
> (c) all compensation, back pay, equal pay, front pay and benefits that plaintiff was denied because of the defendant's acts, in a sum to be determined by the court and jury;
>
> (d) liquidated and compensatory damages, including for past, present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of

3

> enjoyment of life, in a sum to be determined by the court and jury;
>
> (e) exemplary or punitive damages in a sum to be determined by the court and jury;
>
> (f) legal fees, disbursements, expert fees, and costs of this action;
>
> (g) all legal interest on sums awarded;
>
> (h) all issues so triable to be decided by a jury;
>
> (i) such other relief as the court may deem appropriate.

None of these requests includes the present request for injunctive relief. Plaintiff also did not move for an injunction at *any* point during the pendency of this case, and the Court need not consider the request for the first time on a post-trial motion. *See Bldg. & Const. Trades Dep't, AFL-CIO v. Rockwell Int'l Corp.*, 758 F. Supp. 1428, 1429 (D. Colo. 1991) ("Rule 59(e) is aimed at reconsideration not initial consideration.")

Plaintiff nonetheless asserts that the "jury verdict does not end" the trial court's obligations in this case and that the trial court "has equitable jurisdiction and an obligation to take appropriate steps to achieve justice based upon the evidence presented in the litigation and at trial." (Doc. # 111 at 3.) Plaintiff, however, cites no legal authority to support her assertion that this Court has an obligation to consider a post-verdict injunction request never before brought to the Court's attention and based on evidence and argument available to Plaintiff well before the conclusion of the case.

Even upon consideration of Plaintiff's request, the Court rejects it. Injunctive relief in Title VII cases is authorized when the court finds that the defendant "has intentionally engaged in or is intentionally engaging in an unlawful employment

4

practice." 42 U.S.C. § 2000e–5(g). The Court must also consider whether the facts indicate "a danger of future violations of the Act." *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1230 (10th Cir. 1997). Indeed, "the whole purpose of an injunction is to prevent future violations." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

This Court does not find that Defendant "intentionally engaged in" an unlawful employment practice such that there exists a "danger of future violations" necessitating the imposition of an injunction. Plaintiff has the burden of showing "more than a mere possibility" that "a danger of future violations" is "cognizable" and that this Court's continued intervention is necessary. *Roe*, 124 F.3d at 1230 (citing *W.T. Grant Co.*, 345 U.S. at 633). Plaintiff has not met that burden. She highlights several cases brought by former employees against Defendant—all are readily distinguishable from the facts of this case. Two of those cases occurred well before the management involved in this case arrived at DIA; indeed they took place before the merger of United Airlines with Continental Airlines and implicated a wholly separate leadership team. The other case involves an employee who was terminated from United Airlines under circumstances distinct from those in this case—namely, breaching confidentiality during an ongoing investigation.

Plaintiff also references "other victims of retaliation [who] were identified before or during the trial." (Doc. # 111 at 7.) With respect to these "other victims," Plaintiff does nothing more than list their names. Plaintiff provides no information regarding the circumstances of their employment and/or their termination. Simply providing this Court

with a conclusory list of names without *any* supporting explanation or documentation is insufficient to support a judicial finding that Defendant "intentionally engaged in" an unlawful employment practice such that there exists a "danger of future violations" or the need for an injunction. Plaintiff's request for injunctive relief is accordingly denied.

2. Imposition of Disciplinary Action Against Kenneth Brown

Plaintiff's request that this Court discipline Mr. Brown by ordering an "involuntary termination" of his employment is also denied. (Doc. # 111 at 9–10.) Plaintiff's request, spanning two short paragraphs, includes no supporting authority. It is wholly conclusory and without merit. Indeed, "relief granted under Title VII is against the employer, not individual employees whose actions [may] constitute a violation of the Act." *Sauers v. Salt Lake* Cty., 1 F.3d 1122, 1125 (10th Cir. 1993).

3. Striking of Ms. Brown's Year-End Rating

The Court also rejects Plaintiff's request that her 2012 Year-End Rating be "struck and each category of evaluation changed to 'Meets or Exceeds Expectations.'" (Doc. # 111 at 10.) Again, Plaintiff did not bring this request to the Court for review before or during the trial in this case, and Rule 59(e) does not provide for the consideration of requests for relief for the first time on a post-trial motion. Moreover, Plaintiff's short, conclusory request does not reference any case or statute that would enable this Court to provide the requested relief. The request is also devoid of any citations to the record supporting her claim that "ample evidence at trial" supports changing her performance review to "Meets or Exceeds Expectations"—a review that Defendant asserts she has never received in her tenure as Ramp Supervisor at DIA.

6

4. <u>Removal and Reversal of Defendant's Determination that Plaintiff is Ineligible for a Promotion</u>

The Court also denies Plaintiff's request for an order stating "that Plaintiff [shall] receive the next promotion to temporary upgrade manager at United Airlines." (Doc. # 111 at 11.) Again, Plaintiff provides no legal authority to support her request. She merely asserts that her "bogus 2012 Year-End Rating" has "rendered her *de facto* unpromotable." (*Id.*) However, at trial, the Managing Director of Human Resources at United Airlines testified that Plaintiff was not rendered "unpromotable" as she claims. He testified as follows:

> Q. Let me turn your attention now to the compensation structure at United Airlines. A member of management in this case a ramp supervisor, if she receives an unfavorable performance evaluation, does that one unfavorable performance evaluation affect [her] pay for the rest of her career at United?
> A. Absolutely not.
> Q. Why not?
> A. Because at the end of the day that happens, and that bad review or performance review could easily be overcome the next year with a good performance and that happens all of the time.

Because Plaintiff's request has no basis in law or fact, the Court denies it.

5. <u>An Award of Front Pay</u>

"Front pay is an equitable remedy awarded by the court (not the jury)." *Whittington v. Nordam Grp. Inc.*, 429 F.3d 986, 1000 (10th Cir. 2005). The Court may award front pay when necessary "to make the plaintiff whole." *Id.* Front pay, however, is not awardable in all employment discrimination cases. Front pay is only awarded "for lost compensation during the period between judgment and reinstatement or in lieu of

7

reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). There was no cessation of Plaintiff's employment in this case; she has remained employed by United Airlines since 1987. Thus, there is no "period between judgment and reinstatement" or a need for payment "in lieu of reinstatement." Plaintiff also provides no legal authority for her assertion that front pay is warranted because her "salary was depressed." (Doc. # 111 at 11.) Plaintiff's request for front pay is accordingly denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Post-trial Remedies is DENIED. (Doc. # 111), and Defendant's previous award of costs is STRICKEN (Doc. # 69.)

DATED: May 22, 2018            BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge