IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00590-CMA-MLC

JAYMEE BARRINGTON,

    Plaintiff,

v.

UNITED AIR LINES, INC.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

This matter is before the Court on Plaintiff Jaymee Barrington's Motion for Attorneys' Fees (Doc. # 113), the Defendant's Response (Doc. # 120), and Plaintiff's Reply (Doc. # 121). Plaintiff seeks $282,830.00 in attorneys' fees. For the following reasons, the Court grants in part and denies in part Plaintiff's motion and awards Plaintiff $104,649.00 in fees.

    **I.**    **BACKGROUND**

This case arises from an employment discrimination suit. Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964 for (1) gender-based discrimination and (2) retaliation. (Doc # 1.) After a trial held on June 20–24, 2016, the jury rendered a verdict for Defendant on both claims. (Doc # 62.) Plaintiff then appealed the decision and the Tenth Circuit reversed. (Doc ## 65, 88.) In the second jury trial on December 11–15, 2017, Plaintiff succeeded on the retaliation claim and was awarded $5,000 in monetary damages for back pay. (Doc # 108.)

1

Currently before the Court is Plaintiff's motion for attorneys' fees wherein she seeks $282,830 pursuant to Title VII, 42 U.S.C. § 2000(e)-5(k) for the work of her attorneys, Mr. Olsen and Ms. Brown, on her case. Defendant does not dispute that Plaintiff is entitled to recover reasonable attorneys' fees but disputes the amount requested. (Doc. # 120 at 2.) Defendant challenges the reasonableness of both the number of hours billed and the attorneys' billable rates. (Doc. # 120.)

## II. **LEGAL STANDARD**

Determination of the amount and reasonableness of attorneys' fees is within the district court's discretion. *Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). When evaluating a motion for attorneys' fees, the court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

First, the court determines the number of hours reasonably spent by counsel. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. Factors considered in this reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010). Courts award attorneys' fees only for those hours that were reasonably expended and the burden is on plaintiff to demonstrate that his

counsel used "billing judgment," winnowing down from actual expended hours to reasonable hours. *Case v. Unified Sch. Dist. No. 233, Johnson Cty.*, 157 F.3d 1243, 1249 (10th Cir.1998). "Counsel . . . should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Second, the court must determine a reasonable hourly rate of compensation, based on "what lawyers of comparable skill and experience [in the given practice area] would charge for their time." *Ramos*, 713 F.2d at 555. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *LaSelle v. Public Serv. Co. of Colo. Severance Pay Plan*, 988 F. Supp. 1348, 1351 (D. Colo. 1997); *Malloy*, 73 F.3d at 1018.

Third, courts multiply the reasonable hourly rate with the number of hours reasonably expended to determine the "lodestar" amount. *LaSelle*, 988 F. Supp. at 1351; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### III.   ANALYSIS

#### A.   REASONABLENESS OF FEES

In its opposition to Plaintiff's attorneys' fee request, Defendant raises numerous objections including that Plaintiff's attorneys improperly block-billed; time entries are vague; the hours billed are excessive and/or unnecessary; and that Plaintiff's attorneys'

3

hourly rates are unreasonable. (Doc. # 120 at 2, 4.) Having thoroughly reviewed Plaintiff's attorneys' billing records, Defendant's objections, and the *Ramos* factors, the Court agrees in part with Defendant's objections and finds that portions of Plaintiff's attorneys' requested fees are unreasonable.

To begin, Plaintiff's attorneys failed to meet their burden of providing detailed records of how each billed hour was spent. Numerous time entry descriptions are vague. For example, in one entry, Plaintiff's counsel billed for 620 minutes (over ten hours) for "final preparation for trial." (Doc # 113-2 at 61.) Other examples of vague descriptions for significant chunks of time include 550 minutes (over 9 hours) for "prep for trial"; 450 minutes (7.5 hours) for "final preparation for trial"; and 620 minutes (over 10 hours) again for "final preparation for trial." (*Id.* at 37, 60.) Such general descriptions are not adequately descriptive. *See Latin v. Bellio Trucking, Inc.*, 2016 WL 9725289, at *4–5 (D. Colo., Nov. 23, 2016) (finding general descriptions including "trial preparation" to be vague and warranting a reduction in hours); *Carr v. Fort Morgan Sch. Dist.* 4 F. Supp. 2d 998, at 1003 (D. Colo. 1998) (same). By providing vague descriptions for significant chunks of time, Plaintiff's counsel made it difficult, if not impossible, for the Court to determine the amount of time attorneys spent on specific tasks and to evaluate their billing judgment. *See Case,* 157 F.3d at 1250 (finding that counsel for the party claiming fees bears the burden of showing how hours billed were allotted to specific tasks). The Court finds Plaintiff's attorneys' undescriptive, vague billing records warrant a reduction to the requested fees. *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Case*, 157 F.3d at 1250 (same).

Furthermore, the timekeeping records submitted by Plaintiff's counsel include excessive and unnecessary hours. For example, on multiple occasions Plaintiff's attorneys charged for trial time that exceeds the time recorded by the Court. For June 22, 2016, Mr. Olsen billed 540 minutes (Doc # 113-2 at 39), but Court records show the total time in Court was 336 minutes.[1] (Doc # 55) On June 24, 2016, Mr. Olsen billed 180 minutes (Doc # 113-2 at 39) whereas Court records show the total time was 135 minutes.[2] (Doc # 58.) For the second trial, Mr. Olsen billed 360 minutes for attending the fifth day, December 15, 2017 (Doc #113-2 at 63), which court records show lasted only 179 minutes.[3] (Doc # 104.) Similarly, Mr. Olsen billed 40 minutes for appearing at a scheduling conference on June 10, 2015 (Doc #113-2 at 5) and 30 minutes for the final pretrial conference on April 19, 2016 (*Id*. at 28), but the Court records show the conferences lasted only 9 minutes and 5 minutes, respectively. (Doc ## 16, 32.)

Plaintiff's attorneys also billed ten minutes ($83) "reviewing" routine, two-line text orders from the Court. Examples include, but are not limited to:

- May 29, 2015 CONSENT to Jurisdiction of Magistrate Judge by Defendant United Air Lines, Inc. Consent not achieved by parties. (O'Connell, William) (Entered: 05/29/2015);

- May 29, 2015 CASE REASSIGNED pursuant to 12 Consent to Jurisdiction of Magistrate Judge. Consent not achieved. This case is reassigned to Judge Christine M. Arguello. All future pleadings should be designated as 15-cv-00590-CMA-CBS. (Text Only Entry) (nmarb, ) (Entered: 05/29/2015);

---

[1] Plaintiff's attorneys' time entry for the third day of trial includes "further prep. at lunch." Court records show the lunch break was only 38 minutes. (Doc #79 at 193.) The Court finds it unimaginable that Mr. Olsen spent an additional 204 minutes beyond the time recorded by the Court, even with a working lunch.
[2] The time entry for the fifth day of trial states "wait near courthouse." Charging an attorney rate for unproductive time spent waiting is not good billing judgment. *James McGrath v. Central Masonry Corp.*, 2010 WL 11549416, at *5 (D. Colo. Feb. 26, 2010)
[3] Mr. Olsen again billed $500 an hour to "wait near courthouse." (Doc # 113-2 at 63.)

- June 1, 2015 ORDER REFERRING CASE to Magistrate Judge Craig B. Shaffer. Magistrate Judge Craig B. Shaffer is designated to conduct NDISPO proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). The parties should expect to be given a firm trial setting that is 60 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly. FURTHER, Court-sponsored alternative dispute resolution is governed by D.C. COLOLCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, the Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. SO ORDERED BY Judge Christine M. Arguello on 6/1/2015. Text Only Entry (vbarn ) (Entered: 06/01/2015);

- July 28, 2016 Transcript Order Form re 65 Notice of Appeal by Plaintiff Jaymee Barrington (Olsen, John) (Entered: 7/28/2016)[4] (Doc # 71);

- August 10, 2016 Order denying 70 Motion for Review for the reasons set forth in 72 Defendant's Response. So ordered by Judge Christine M. Arguello on 8/10/2016. Text Only Entry(vbarn) (Entered: 08/10/2016) (Doc # 73)[5];

- August 12, 2016: Report Transcript Order Form filed by Darlene Martinez re: 65 Notice of Appeal. Transcript due by 10/11/2016 (nrich) (Entered: 08/12/016) (Doc # 74);

- October 27, 2016: Reporter Transcript Order Form filed by Janet Coppock (nrich) (Entered: 10/27/2016) (Doc # 83);

- October 31, 2016: Reporter Transcript Order Form filed by Stevens-Koenig Reporting re: 65 Notice of Appeal. Transcript due by 11/27/2016. (nrich) (Entered 10/31/2016). (Doc # 84.)

Mr. Olsen also billed 10 minutes reading each of the following routine emails from this Court, among others—none of which required 10 minutes to read:

- November 1, 2017: "Hi All, Re: Doc. 88 and 89 -- USCA Order and Judgment and Mandate: We will need to get this case set for retrial. Can you all give me an estimate of when you will be ready for trial, please. It will be a five-day trial."

- November 1, 2017: "Hi All, Please start making arrangements for a trial in December 11, 2017. The other option to start taking into consideration is

---

[4] Mr. Olsen billed separately to "prepare" the transcript order form in a time entry on July 27, 2016 (Doc #113-2 at pg. 42). Therefore the ten minutes billed by Mr. Olsen on July 28, 2016 appears to have been just for reading the one line of text.
[5] Mr. Olsen billed separately to review Defendant's Response to the Motion for Review.

6

> November 27, 2017. As I previously stated, we will know more about the 12/11/2017 trial next week. If that trial does not go, an order will go out setting trial and pretrial conference in this matter. If 11/27/2017 is a better date for everyone, please let me know as soon as possible."

- November 9, 2017: "Hi all, I am sorry. The Judge is not asking counsel for availability. She is scheduling the trial to take place before the end of the year. Those are the dates she has given the parties to clear on their calendars. I will know for sure which date it will be after our next hearing. Have a great day."

- December 12, 2017: "In light of Mr. Olsen's email that Plaintiff is resting her case, Judge Arguello is wondering if Defendant [will] be raising a Rule 50(a) Motion before presenting its case-in-chief. If so, please be ready to go on the record at 7:30 a.m. this morning, as Judge would like to take that matter up before bringing in the jury promptly at 8 a.m."\\

In other entries, it is unclear whether Mr. Olsen performed any billable legal work on the matter for which he billed: "Email from Ms. Greer: 'Proceed with appeal'" (10 minutes); "Email from defense paralegal (Johnson) that deposition room is unavailable" (10 minutes); "Email from Ms. Greer delaying meeting" (10 minutes); "Email to Ms. Greer: congratulations" (10 minutes); "Notice of transmission of Notice of Appeal to 10th Circuit" (10 minutes); "Tenth Circuit accepts Appendix" (10 minutes); "Case reassigned to Judge Arguello" (10 minutes). (*Id*. at 19, 42, 49.) To account for Plaintiff's attorneys' overbilling, the Court finds a general reduction to the requested fee is appropriate. *Han-Noggle v. City of Albuquerque*, 632 F. App'x. 476, 482 (10th Cir. 2014) (affirming the district court's decision to reduce attorney's fees for overbilling); *Scott v. City and County of Denver*, 2014 WL 287558 at *6 (D. Colo. Jan 27, 2014) (reducing for excessive billing).

Plaintiff's attorneys also billed time for purely administrative or clerical tasks at the full $500 per hour requested attorney rate. The United States Supreme Court has

made clear that purely clerical tasks should not be billed an attorney rate, or even a paralegal rate, depending on the circumstances. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). With a cursory review of the first few pages of the billing records, the Court finds numerous entries for clerical tasks such as "send discovery signature page" (10 minutes) and "email to Ms. Greer seeking discovery requests in Microsoft Word" (10 minutes). (Doc # 113-2 at 20, 7.)  On May 1, 2015, Mr. Olsen spend 15 minutes on "Entries of Appearance by Ms. Greer and Mr. McConnel"; then on, July 28, 2016, Mr. Olsen billed another 10 minutes for reviewing the entries of appearance for that same counsel on appeal.  (*Id.* at 4, 43.)  Mr. Olsen also spent another 10 minutes on June 20, 2017, reviewing the Tenth Circuit's notice of setting oral argument and an additional 10 minutes on November 8, 2017, to review a short six-line text entry regarding the reassignment of the magistrate judge in this case.  (*Id.* at 53, 58.) Moreover, in one episode, Mr. Olsen billed 50 minutes for emails with Defense counsel's paralegal regarding the formatting and sending of documents:

- "Email to defense paralegal (Johnson) re: us being denied access to documents; so just send them on a disc" (10 minutes);

- "Defense paralegal (Johnson) says documents will be sent on disc" (10 minutes);

- "Email to defense paralegal letting him know that his disc of documents did not arrive at our firm" (10 minutes);

- "Email from defense paralegal re: 570 pages of documents that will be sent on encrypted disc" (10 minutes);

- "Email from defense paralegal re: disc that was sent" (10 minutes).

(*Id*. at 5).

Plaintiff's counsel's argument that billing in minutes is "commonplace" and therefore "ethical" does not render these entries reasonable.[6] Indeed, it does not take a law degree or any legal training to send an email or review short docket entries containing no legal import nor necessitating a response. Inappropriately billing at an attorney rate for clerical tasks further demonstrates Plaintiff's attorneys' excessive billing and supports the Court's reduction to the requested fees. *See Shabazz v. Pinnacle Credit Servs. LLC*, 2016 WL 6892948, at *6 (D. Colo. Nov. 23, 2016) (applying a 20% reduction to account for inappropriately charging for clerical tasks); *Viall v. Stellar Recovery, Inc.*, 2017 WL 4676592, at *4 (reducing by 15%).

The Court's review of these and other records demonstrates that the Plaintiff's attorneys made minimal, if any, effort to reduce inefficiencies, clerical tasks, or otherwise excessive hours in billing; in fact, the billing records suggest Plaintiff's attorneys had a consistent habit of overbilling. Plaintiff's attorneys' failure to exercise genuine billing judgment supports a reduction in hours by the Court. *See Garcia v. Midland Credit Management, Inc.,* 2015 WL 4911544, at *3 (D. Colo. Aug. 18, 2015) ("Where an attorney has failed to exercise billing judgment, the court may do so for him by striking problematic entries or by reducing the hours requested by a percentage.")

To account for Plaintiff's lack of detail in time entries, excessive and otherwise unnecessary time billed, and general lack of billing judgment, the Court will apply an overall 35% reduction to Plaintiff's requested hours. *Praseuth v. Rubbermaid, Inc.*, 406

---

[6] Of note, Mr. Olsen bills in 10-minute increments, not 6-minute increments (one tenth of an hour), which is more common in the industry. Although he argues that "billing in five-minute increments is more accurate than billing in tenths of an hour" (Doc. # 121 at 8), none of his billing entries are for anything less than 10 minutes. Not once does he bill only five minutes for a task.

F.3d 1245, 1259 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233, Johnson Cty.*, 157 F.3d 1243, 1250 (10th Cir.1998)) ("The district court was not required to identify and justify each disallowed hour, and there is no requirement that district courts announce what hours are permitted for each legal task.").

With respect to Ms. Brown's hours, Plaintiff's records do not demonstrate that Ms. Brown contributed in a valuable or billable way to this case; the Court therefore finds that billing for her participation, particularly at a partner rate, was excessive and improper. The vague descriptions given with Ms. Brown's time entries—such as "prepare for first day of trial" and "strategy session post-first day" (Doc # 113-2 at 60–61)—make it impossible for the Court to evaluate the nature of her contribution. According to Mr. Olsen, Ms. Brown's involvement included "[participating] in many hours of investigation, witness preparation, trial preparation and then, during trial, in preparing and refining examinations, focusing evidence, selecting jurors, counseling Ms. Barrington as the trial unfolded, and fashioning arguments." (Doc # 121 at 6.) Ms. Brown's billing statements and time entries, however, do not reflect this work; indeed, they do not even begin until the first day of the second trial in this case—December 11, 2017. (Doc #113-2 at 60). Considering Mr. Olsen was trying the case for a second time, the Court finds it hard to believe that Ms. Brown's purported assistance was necessary. Furthermore, the records do not demonstrate that Ms. Brown did anything beyond show up and sit in the courtroom. Ms. Brown did not examine any witnesses, draft or argue any motions, or make any legal or factual argument during any portion of the pre-trial, trial, or post-trial phase of this case (Doc # 113-2). Indeed, Ms. Brown did not even attend the third day of trial—the day that Plaintiff's direct supervisors, who she

contended discriminated against her, both testified. Of the 29 hours billed for work by Ms. Brown, 5.25 hours (almost 20 percent) were for travel to and from the courthouse. In fact, Ms. Brown even billed for traveling to the courthouse on December 15, 2017 even though, according to the billing records and the attorneys' concessions, Ms. Brown "simply waited at the courthouse or did not feel she made a contribution" (Doc # 121 at 5 n.1). The Court accordingly finds that Ms. Brown's participation was unnecessary and concludes that all the time billed by her is non-compensable.

## B.     REASONABLENESS OF HOURLY RATE

A party seeking attorney fees bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Mr. Olsen seeks an hourly rate of $500. In support of this requested rate, Plaintiff submits an affidavit by Mr. Olsen setting forth his experience. (Doc #113-1.) In his affidavit, Mr. Olsen states that he is familiar with the rates in the Denver Metro area and that "trial attorneys with 40 years of experience like [him] regularly bill at from $500 to $1,500 per hour." (*Id.* at ¶ 34.) Mr. Olsen also attaches the Laffey Matrix, a tool used in the Washington, D.C./Baltimore area to determine rates to award attorneys under fee-shifting statutes based on years out of law school. (*Id*. at 15.) In addition to Mr. Olsen's affidavit, Plaintiff submits the affidavits of Mr. Kerr. (Doc # 113-3) and Ms. Sahli. (Doc # 113-4.)  Ms. Sahli points to the Colorado Bar Association's 2017 Economic Survey of law firm billing rates (the "2017 Colorado Survey") which indicates that attorneys in the 75th percentile at firms with 250+ attorneys earn $475. Ms. Sahli avers that the 100th

percentile rate and the appropriate rate for Mr. Olsen "would clearly exceed $500." (*Id.* at ¶ 22.)

In opposition, Defendant submits an affidavit by Mr. William Rogers. (Doc # 120-1.) In his affidavit, Mr. Rogers also relies on the 2017 Colorado Survey. Mr. Rogers specifically highlights the mean hourly rates for attorneys with 30–39 years and 40+ years of experience which are $275 and $300, respectively. (*Id.* at 6–9.) Mr. Rogers opines that a more reasonable rate for Mr. Olsen, when taking into consideration the field of practice and the 2017 Colorado Survey would be $375 an hour. (*Id.*)

Based on the market rate evidence including the 2017 Colorado Survey and the Court's own experience, the Court finds the $500 requested rate to be unreasonable. *See Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt.*, Inc., 295 F.3d 1065, 1079 (10th Cir. 2002) ("[A] district court . . . may use other relevant factors, including its own knowledge, to establish the [prevailing market] rate.").

Plaintiff's attorneys fail to meet their burden to provide satisfactory evidence that the requested rate is reasonable and in-line with the amount charged by attorneys with comparable skill and experience. *Blum*, 465 U.S. 886, at 896. Indeed, the vast majority of Mr. Olsen's affidavit is focused on matters entirely irrelevant to his legal qualifications, experience, and the prevailing market rate. (Doc # 113-1). In the few paragraphs where Mr. Olsen does address his billing rate compared to the relevant market rate, his statements are entirely conclusory: "I am familiar with billing hourly rates for attorneys in the Denver metro area. Trial attorneys with 40 years of experience (or approaching 40) like Ms. Brown and me regularly bill at from $500 to $1,500 per hour." (Doc. # 113-1 at ¶ 31); "Trial attorneys with as little as 20 years of experience often charge from $500 to

$750 per hour." (*Id*. at ¶ 32). Mr. Olsen provides no evidence in support of these rates. Moreover, the Court knows that such a rate is not "regularly billed" by attorneys in Mr. Olsen's field in the Denver area. *See Xtreme Coil Drilling Corp. v. Encana Oil & Gas Corp.*, 958 F.Supp.2d 1238, 1256 (D. Colo. 2013) (finding that prevailing rates for experienced litigators in Denver *approach* $400 per hour) (emphasis added). The supporting affidavits by Ms. Sahli and Mr. Kerr are similarly conclusory and focused on matters irrelevant to Mr. Olsen's qualifications.

Additionally, the market evidence Plaintiff and Plaintiff's affiants do provide in support of the requested rate is inapposite. The 2017 Colorado Survey statistics to which Plaintiff's affiant points—specifically, the 75th percentile hourly billing rate for those surveyed from firms with 250+ attorneys, which is $475—does not support the $500 rate nor does it apply to Mr. Olsen who does not practice in a large firm. Notably none of the 2017 Colorado Survey categories that apply to Mr. Olsen support the $500 requested rate. (Doc # 120-5.) The Laffey Matrix is also inapplicable because it provides rates for attorneys in Washington, D.C and Baltimore, not Denver, Colorado. *See Ramos*, 713 F.2d 546 at 55 (concluding that the fee rates of the local area should be applied); *Reichers v. Delaware Asset Mgmt., LLC,* 2013 WL 6096136, *3 (D. Colo. Nov. 20, 2013) (finding that the Laffey Matrix is not indicative of prevailing rates in Colorado).

The Court does find the relevant categories of the 2017 Colorado Survey instructive. *See, e.g., Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1318 (D. Colo. 2014) (noting that "because the 2012 CBA survey provides the most recent data and is specific to Colorado, it provides the best indication of the current reasonable hourly rate in the Denver area"). According to the Survey, attorneys

with 30–39 years of experience (like Mr. Olsen) have a mean hourly rate of $292 per hour, while the 75th percentile earns $350 per hour. (Doc #120-5.) Attorneys practicing in firms comparable in size to Mr. Olsen's (two to four attorneys) bill on average $245 an hour and $298 an hour at the 75th percentile. (*Id.*) Based on the Colorado Survey and the Court's own familiarity with the rates charged by lawyers in the Denver metropolitan area, the Court concludes that a reasonable rate for Mr. Olsen is $300 an hour (above the mean hourly rate for attorneys with comparable years of experience and the 75th percentile for attorneys in two- to four-attorney firms).

### IV. CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees. (Doc. # 113.) The Court ORDERS that Plaintiff Jaymee Barrington is awarded attorneys' fees against Defendant United Air Lines, Inc., in the amount of $104,649.00.

The Court calculates Plaintiff's attorneys' fee award as follows:

|  | Original Hours | Reduced Hours | Reduced Rate | Total |
| --- | --- | --- | --- | --- |
| Mr. Olsen | 536.66 | 348.83 (35% reduction) | $300 | $104,649.00 |
| Ms. Brown | 29.00 | 0 | -- | $0 |
| Total |  |  |  | $104.649.00 |

DATED: June 1, 2018

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge